UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62120-LEIBOWITZ/AUGUSTIN-BIRCH

**ROSE DADLEY MILORD,**

   **Plaintiff,**

v.

**NATIONWIDE TAX PRO INC. and
CAMILO SOTO RESTREPO,**

   **Defendants.**
_____/

**ORDER DENYING DEFENDANT CAMILO SOTO
RESTREPO'S MOTION TO QUASH SERVICE OF PROCESS**

This cause comes before the Court on Defendant Camilo Soto Restrepo's Motion to Quash Service of Process. DE 16. Plaintiff Rose Dadley Milord responded to the Motion to Quash, and Defendant replied. DE 17; DE 18. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to Quash to the undersigned United States Magistrate Judge. DE 19. The Court has reviewed the parties' briefing and the record and is otherwise fully advised in the premises. For the following reasons, the Motion to Quash [DE 16] is **DENIED**.

Plaintiff purports to have effectuated substituted service of process on Defendant through the Florida Secretary of State per Florida Statute § 48.181. DE 15. Defendant moves to quash that service as invalid. DE 16. "When the defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Harris v. Fort Pierce Police Dep't*, No. 23-10727, 2023 WL 7153928, at *1 (11th Cir. Oct. 31, 2023) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A 1981)). "[S]ubstitute service statutes are an exception to the rule requiring personal service, and must be strictly construed to

protect a defendant's due process rights." *Rodriguez v. Italian Cabinetry, Inc.*, No. 18-24881-CV, 2019 WL 11590254, at *2 (S.D. Fla. Feb. 25, 2019) (quotation marks omitted).

Before a plaintiff resorts to substituted service, the plaintiff "must demonstrate the exercise of due diligence in attempting to locate the defendant." *HDI Glob. Ins. Co. v. Amerijet Int'l Inc.*, No. 22-22235-CIV, 2023 WL 3778241, at *2 (S.D. Fla. May 5, 2023) (quotation marks omitted). "The test for due diligence is whether the plaintiff reasonably employed knowledge at her command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable her to effect personal service on the defendant." *Mane Ventures, LLC v. Equestrian Int'l, LLC*, No. 24-80332-CV, 2024 WL 5077140, at *2 (S.D. Fla. July 17, 2024) (alterations and quotation marks omitted).

Here, Plaintiff has demonstrated that she exercised due diligence in attempting to locate Defendant. Plaintiff discovered an address in Sunrise, Florida that Defendant reported as his residential address on a Florida voter registration and that he reported as his business and mailing address for years 2023 through 2025 on Florida corporate annual reports. DE 17-1; DE 17-3. Defendant's parents own the home at the Sunrise, Florida address. DE 17-2. Thus, Plaintiff attempted to have Defendant served at that address. DE 10. The process server who attempted service wrote in an affidavit of non-service that Defendant's mother told the process server that Defendant lives in Columbia. *Id.* Defendant has confirmed in a declaration and an affidavit that he lives in Columbia.[1] DE 16-1 at 1; DE 18-1 at 1–3. Plaintiff represents to the Court that she has

---

[1] In ruling on the Motion to Quash, the Court has not considered any of Defendant's exhibits that are in a language other than the English language. Documents a party offers in a legal proceeding that are in a foreign language must be accompanied by an English-language translation and a certification signed by the translator. *Nodus Int'l Bank, Inc. v. Arocha Hernandez*, 511 F. Supp. 3d 1316, 1325 (S.D. Fla. 2021); *see also Macbeg de Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*, No. 12-24050-CIV, 2013 WL 12145905, at *2–3 (S.D. Fla. June 25, 2013) (citing caselaw striking or otherwise refusing to consider foreign-language documents unaccompanied by an English-language translation). In the future, the parties must provide English-language translations of any foreign-language documents that they wish the Court to consider.

been unable to find any address for Defendant in Columbia or elsewhere outside of the United States. DE 17 at 1, 4. The Court concludes that Plaintiff's efforts constitute due diligence in attempting to locate Defendant's residential address, enabling Plaintiff to resort to substituted service.

An individual may be served by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Florida law permits substituted service on a nonresident individual through the Florida Secretary of State if the individual "has appointed or is deemed to have appointed the Secretary of State as [the individual's] agent for service of process." Fla. Stat. § 48.161(1).

Florida Statute § 48.181(2) explains one situation where an individual is deemed to have appointed the Florida Secretary of State as the individual's agent for service. When an individual who is a resident of a foreign country accepts "the privilege extended by law to nonresidents to operate, conduct, engage in, or carry on a business or business venture" in Florida, then the individual is deemed to have appointed the Florida Secretary of State as his "agent on whom process in any action or proceeding against the individual . . . arising out of any transaction or operation connected with or incidental to the business or business venture may be served as substituted service." Fla. Stat. § 48.181(2). "[T]he complaint must allege specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities within this state." *Mane Ventures, LLC*, 2024 WL 5077140, at *2 (quotation marks omitted).

Such a situation is present in this case. As already stated, Defendant is a resident of a foreign country—Columbia. Plaintiff's allegations in the Complaint reflect that Defendant

3

accepted the privilege to operate, conduct, engage in, or carry on a business or business venture in Florida. Plaintiff alleges that Defendant is "an owner and/or manager of" Nationwide Tax Pro Inc., "a Florida corporation that regularly transacted business in Broward County, Florida." DE 14 ¶¶ 3, 9. Defendant "ran the day-to-day operations" of Nationwide Tax Pro and "had operational control over" it. *Id.* ¶ 9. Plaintiff's allegations in the Complaint further reflect that this lawsuit arises out of a transaction or operation connected with or incidental to Defendant's business activities in Florida. Plaintiff alleges that Nationwide Tax Pro and Defendant employed her, a Florida resident, and failed to pay her overtime wages required under the Fair Labor Standards Act. *Id.* ¶¶ 2, 11–12, 17.

Because Defendant accepted the privilege of conducting business in Florida, he is deemed to have appointed the Florida Secretary of State as his agent to accept substituted service for this lawsuit, which arises out of Defendant's business operations in Florida. *See* Fla. Stat. § 48.181(2). Plaintiff's substituted service on Defendant through the Florida Secretary of State complied with Florida law and is valid. Accordingly, Defendant Camilo Soto Restrepo's Motion to Quash Service of Process [DE 16] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 24th day of April, 2025.

        PANAYOTTA AUGUSTIN-BIRCH
        UNITED STATES MAGISTRATE JUDGE